[Crim. No. 378.  In Bank.—May 31, 1898.]

THE PEOPLE, Respondent, v. L. A. SCOTT, Appellant.

APPEAL—PETITION TO ALLOW EXCEPTIONS—CONFLICT—DISCRETION.—Upon the petition of an appellant to have certain alleged exceptions inserted in a settled bill of exceptions, which the superior judge re· fused to incorporate therein, where the evidence as to whether there were any such exceptions is directly conflicting, it cannot be held that the superior judge erred or abused his discretion in not allowing the alleged exceptions, and they will not be ordered to be included in the bill.

PETITION in the Supreme Court to settle and allow alleged exceptions, to be used upon appeal from a judgment of the Superior Court of Kern County, and from an order denying a new trial.  J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

J. W. Ahern, J. W. H. Heird, and W. A. Harris, for Petitioner.

Alvin Fay, for Respondent.

THE COURT.—This case is before us on a petition by appellant to have certain alleged exceptions included in a bill of exceptions which have been settled by the judge of the superior court, who refused to incorporate them in the bill.  The matter was submitted here upon the petition, the answer of the judge and certain affidavits filed by the parties.  The alleged exceptions refer entirely to certain remarks claimed to have been made by counsel for the prosecution in his closing address to the jury, but the evidence as to whether there were any such exceptions is directly conflicting.  Under these circumstances we cannot hold that the superior judge erred or abused his discretion in not allowing the exceptions, nor would we be warranted in declaring here that they should be included in the bill.

The petition is denied.